**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK WOOLSEY,

                    Petitioner,                  Case Number: 2:10-CV-14733

v.                                               HON. NANCY G. EDMUNDS

LINDA TRIBLEY,

                    Respondent.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Petitioner Mark Woolsey is a state inmate currently incarcerated at the Ojibway Correctional Facility in Marensico, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Macomb County Circuit Court to first-degree criminal sexual contact. In exchange for the plea, the State dismissed three other counts of first-degree criminal sexual conduct, eight counts of third-degree criminal sexual conduct, and two misdemeanor charges of stalking and domestic violence. He was sentenced to twelve to thirty years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I.      Defendant was sentenced on the basis of erroneously scored guidelines, in violation of his right to due process.

II.     Defendant's sentence was unconstitutionally enhanced on the basis of offense variable points premised on facts which were not decided by a jury.

III.    Defendant is entitled to resentencing where he was not afforded sufficient opportunity to review the presentence investigation report prior to sentencing as required by M.C.R. 6.425(B).

The Michigan Court of Appeals denied leave to appeal. *People v. Woolsey*, No. 274110 (Mich. Ct. App. Dec. 6, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals. In lieu of granting leave to appeal, the Michigan Supreme Court vacated the sentence of the Macomb County Circuit Court and remanded for resentencing under properly scored guidelines because the facts were insufficient to support a score of five points for OV3. *People v. Woolsey*, 480 Mich. 909 (Mich. Oct. 17, 2007).

On December 13, 2007, the trial court resentenced Petitioner to ten to thirty years' imprisonment. Petitioner argued at resentencing that his sentence violated *Blakely v. Washington*, 542 U.S. 297 (2004) and that offense variable 11 was misscored. The trial court dismissed these arguments. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Woolsey*, No. 288666 (Mich. Ct. App. Dec. 4, 2008). He then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court vacated the assessments of court-appointed attorney fees imposed by the Circuit Court, and remanded the case to that

2

court for reconsideration of the assessments.  In all other respects, the Michigan Supreme Court denied leave to appeal.  *People v. Woolsey*, 484 Mich. 969 (Mich. 2009).

Petitioner then filed the pending petition for a writ of habeas corpus.  He raises the following claims:

I.    Defendant was sentenced on the basis of erroneously scored guidelines in violation of his right to due process where offense variable 11 was mis-scored 50 points.

II.   Defendant's sentence was unconstitutionally enhanced on the basis of offense variable points premised on facts that were not decided by a jury.

## II.

## A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts

reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as determined
> by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication

of a petitioner's claims unless the state court's decision was contrary to or involved an

unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d

429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court

factual determinations.  28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d

167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they

are clearly erroneous").

The United States Supreme Court has explained the proper application of the

"contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's]
> clearly established precedent if the state court applies a rule that contradicts
> the governing law set forth in our cases. . . .

4

> A state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts that are
> materially indistinguishable from a decision of this Court and nevertheless
> arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United

States Supreme Court held that a federal court should analyze a claim for habeas corpus

relief under the "unreasonable application" clause when "a state-court decision

unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry
> should ask whether the state court's application of clearly established
> federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect
> application of federal law. . . . Under § 2254(d)(1)'s "unreasonable
> application" clause, then, a federal habeas court may not issue the writ
> simply because that court concludes in its independent judgment that the
> relevant state-court decision applied clearly established federal law
> erroneously or incorrectly.  Rather, that application must also be
> unreasonable.

*Id.* at 410-11.

### III.

### A.

Petitioner argues that the trial court incorrectly scored fifty points for offense

variable 11.  It is well-established that "'federal habeas corpus relief does not lie for errors

of state law.'"  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497

5

U.S. 764, 780 (1990)).  Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law.  It does not implicate any federal rights.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law.").  "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review."  *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same).  Therefore, habeas corpus relief is not available for this claim.

## B.

Petitioner also alleges that he is entitled to habeas corpus relief because the trial court violated his Sixth and Fourteenth Amendment rights because the trial court increased his sentence in reliance upon facts not presented at the plea or sentencing hearings.  *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

6

and proved beyond a reasonable doubt." 530 U.S. at 490.  The "statutory maximum" for

purposes of Apprendi "is the maximum sentence a judge may impose solely on the basis

of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S.

at 303 (emphasis omitted).

Michigan has an indeterminate sentencing system for most crimes, including first-

degree criminal sexual conduct.  The maximum term of imprisonment is set by law.

*People v. Drohan*, 475 Mich. 140, 160-61 (2006).  The United States Court of Appeals

for the Sixth Circuit has held that "*Apprendi's* rule does not apply to judicial factfinding

that increases a minimum sentence so long as the sentence does not exceed the applicable

statutory maximum."  *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir.2009) (*citing*

*Harris v. United States*, 536 U.S. 545, 563-68 (2002)).  In this case, the sentencing court

did not exceed the statutory maximum for Petitioner's crime.  Therefore, the sentencing

scheme did not run afoul of the Sixth Amendment.  Because *Blakely* does not apply to

indeterminate sentencing schemes like the one utilized in Michigan, the trial court's

sentence did not violate the petitioner's constitutional rights.  *Chontos v. Berghuis*, 585

F.3d 1000, 1002 (6th Cir. 2009).

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of

the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant."

2:10-cv-14733-NGE-CEB   Doc # 4   Filed 01/18/11   Pg 8 of 9   Pg ID 56

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted.  Therefore, the Court denies a certificate of appealability.

## V.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

8

9